**United States District Court**
**Southern District of New York**
------------------------------------------------

**JAMIE RAMOS VENDIVEL,**

                     **Petitioner,**         **10 Civ. 63 (JGK)**

     **- against -**                 **MEMORANDUM OPINION AND**
                                                                  **ORDER**
**UNITED STATES OF AMERICA,**

                     **Respondent.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Jamie Vendivel, brings this motion pursuant to 28 U.S.C. § 2255 to correct, vacate and/or set aside his sentence.  Following his guilty plea, the petitioner was sentenced to 220 months imprisonment.  Judgment Dated December 7, 2005, United States v. Vendivel, 03 Cr. 1305, Docket No. 145.  That sentence consisted of a sentence of 160 months imprisonment on Count One for conspiracy in violation of 21 U.S.C. § 846, to distribute narcotics in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), followed by a term of 60 months imprisonment on Count Two, possession of a firearm in furtherance of the conspiracy charged in Count One in violation of 18 U.S.C. § 924(c).  Id.  Count One required a ten year mandatory minimum sentence.  21 U.S.C. § 841(b)(1))(A).  Count

1

Two required a five year mandatory minimum consecutive sentence, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law."  18 U.S.C. §§ 924(c)(1)(A) and 924 (c)(1)(A)(i).

The petitioner argues that the mandatory minimum consecutive sentence of 60 months on Count Two violated the decision of the Court of Appeals for the Second Circuit in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), which held that the consecutive mandatory minimum sentence required by § 924(c) did not apply where § 924(e), the armed career criminal provision, required a mandatory minimum sentence of longer than 5 years on a separate count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  529 F.3d at 151-52, 158.  However, Whitley is no longer good law.

Abbott v. United States, 131 S. Ct. 18 (2010) abrogated Whitley.  See United States v. Tejada, 631 F.3d 614, 618 (2d Cir. 2011).  Under Abbott, the consecutive mandatory minimum sentence of § 924(c) applies notwithstanding a defendant's receipt of "a higher mandatory minimum on a different count of conviction."  Abbott, 131 S. Ct. at 23.  This reading of § 924(c) plainly required the Court to sentence the petitioner to the five-year mandatory minimum under § 924(c) consecutive to the sentence imposed on Count One.  There was therefore no error in the sentence and the petition is without merit.

## CONCLUSION

For the reasons stated above, the petition is without merit and is denied.

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to enter judgment dismissing the petition, and to close this case.

SO ORDERED.

Dated:    New York, New York
          November 29, 2011

                                                  John G. Koeltl
                                            United States District Judge